**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**UNITED STATES OF AMERICA**

       - against -                             08 Cr. 578 (JGK)

**JUAN YBARRA,**                                   **MEMORANDUM OPINION AND ORDER**

             **Defendant.**
------------------------------------

**JOHN G. KOELTL, District Judge:**

The Court has received a letter from the defendant which the Court forwards to defense counsel and the Government. The letter is filed under seal because it contains medical information.

The Court notes that, in response to the defendant's specific questions, because the defendant was convicted of an offense relating to cocaine and not crack cocaine, the change in the Guidelines relating to crack cocaine would offer no relief.

With respect to the defendant's medical condition, counsel should explore whether the defendant qualifies for any early disposition by the Bureau of Prisons, such as compassionate leave. Defense counsel should also explore whether any reassignment within the Bureau of Prisons would be appropriate, an issue to be raised with the Bureau of Prisons.

Defense counsel should also respond to the defendant's inquiry regarding placement in a residential re-entry center pursuant to the Second Chance Act. The Second Chance Act provides that:

The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). In exercising its discretionary authority in determining the place of imprisonment and the transfer of federal prisoners to RRC, the BOP must consider:

> 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the history and characteristics of the prisoner; 4) any statement of the court that imposed the sentence - (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted or (b) recommending a type of penal or correctional facility as appropriate; and 5) any pertinent policy statement issued by the U.S. Sentencing Commission pursuant to § 994(a)(2) of Title 28.

18 U.S.C. § 3624(c)(6); 18 U.S.C. § 3621(b). Pursuant to an April 14, 2008 BOP Memorandum, each inmate is screened for residential re-entry placement eligibility 17 to 19 months before the inmate's expected release date. See Thomas v. Terrell, No. 10 Civ. 512, 2012 WL 1745434, at *1 (May 15, 2012).

Defense counsel should contact the defendant directly with answers to each of his inquiries.

SO ORDERED.

Dated:   New York, New York
         May ??, 2012

_____
John G. Koeltl
United States District Judge